UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KABASO MANDA,　　　　　　　　　　　　　　　　CIVIL NO. 13-798 (DSD/JSM)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　REPORT AND RECOMMENDATION

ERIC H. HOLDER, JR., et al,

　　　　Respondents.

　　　　JANIE S. MAYERON, U.S. Magistrate Judge

　　　　This matter is before the undersigned Magistrate Judge of the District Court on Kabaso Manda's Writ of Habeas Corpus [Docket No. 1]. He is seeking writ of habeas corpus that will free him from his current confinement by the United States Immigration and Customs Enforcement.

　　　　The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　　　On February 11, 2010, Petitioner Kabaso Manda was taken into custody by U.S. Immigration and Customs Enforcement in Atlanta, Georgia, and was served with a notice to appear before an immigration judge. See Declaration of Steven E. Draves ("Draves Decl."), ¶ 3 [Docket No. 5] (Civil No. 12-2698 (DSD/JSM).

　　　　On May 6, 2010, Manda was ordered removed from the United States to Zambia by an immigration judge in Atlanta, Georgia. Id., ¶ 5.

　　　　On July 23, 2010, Manda was remanded to the custody of the United States Marshal's Service based upon a criminal complaint filed in the District of Minnesota on July 12, 2010, and remained in United States Marshal's custody between July 23, 2010 and

1

May 14, 2012.  Id., ¶ 6.  On May 14, 2012, Manda was found guilty of and sentenced in the District of Minnesota to time served, 3 years supervised release, and restitution of $93,000 for aggravated identity theft and fraud in connection with access devices in violation of 18 U.S.C. §§ 1028A and 1029.  Id., ¶ 7.

On May 14, 2012, Manda was transferred from the custody of the United States Marshal's Service to ICE and on May 16, 2012, a Warrant of Removal/Deportation was issued for Manda.  Id., ¶¶ 8-9.

On October 23, 2012, Manda filed a Petition for a Writ of Habeas Corpus in Civil No. 12-2698 (DSD/JSM), seeking release pending his deportation.  See Docket No. 1.  This Court issued a Report and Recommendation recommending dismissal of the Petition without prejudice, thereby leaving the door open for Manda to file another petition for a writ of habeas corpus to the extent that the respondent was not having success with sending Manda to the Democratic Republic of Congo.  See Report and Recommendation [Docket No. 13].  This Report and Recommendation was adopted by United States District Judge David D. Doty.  See March 21, 2013 [Docket No. 14].

Manda filed the present Petition on April 5, 2013, seeking release from continuous detention as it is not reasonably foreseeable that he will be deported to the Democratic Republic of Congo.  See Petition [Docket No. 1].

On April 17, 2013, this Court issued an Order [Docket No. 6] requiring Respondents to file an answer to Petitioner's habeas corpus petition within 30 days after the date of the order.  On May 17, 2013, the Respondent's filed their response in which they represented that Petitioner had been released from custody pursuant to the Respondent's custodial review procedures and therefore his Petition is moot.  See Response to Petition for Writ of Habeas Corpus [Docket No. 8]; see also Declaration of Bahram Samie, Exs. A (May 8,

2013 Release Notification to Manda), B (Order of Supervision and Addendum to Order of Supervision).

## II. DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." Id. (internal quotations omitted). When a Petitioner has been released from custody pending his deportation, he has received all the relief he has requested, making his Petition moot. See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (reversing and vacating the judgment of the district court, remanding the case to the district court, and instructing the district court to dismiss, without prejudice, the application for a writ of habeas corpus as moot). Therefore, Manda's Petition should be dismissed without prejudice as moot.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that: Kabaso Manda's Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE** as moot.

Dated: November 12, 2013          s/ *Janie S. Mayeron*
                                   JANIE S. MAYERON
                                   United States Magistrate Judge

## **NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 26, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.